UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>CLARK ARNOLD CORP., *et al.*,<br><br>Defendants.<br>_____/ | No. C-06-6915 CW (EMC)<br><br>**ORDER RE SUPPLEMENTAL BRIEFING AND EVIDENCE** |

Plaintiffs' motion for default judgment has been referred to the undersigned for a report and recommendation. Having reviewed the papers submitted by Plaintiffs, the Court hereby orders that Plaintiffs provide supplemental briefing and evidence as follows.

(1) In their motion, Plaintiffs claim that there is $22,337.19 in unpaid contributions. However, Plaintiffs appear to have made an error in their calculations. Based on the papers submitted by Plaintiffs, in February 2006, unpaid contributions for the pension trust fund totaled $1,393.84, not $1,443.84. In light of this error, the Court hereby orders Plaintiffs to recalculate the interest owed on the unpaid contributions.

(2) Plaintiffs have asked for interest both for unpaid contributions and for contributions that were untimely made. While Plaintiffs have explained the methodology used to calculate interest, they have not provided the Court with sufficient information to determine whether Plaintiffs' interest calculations are correct. For example, for unpaid contributions, Plaintiffs have provided information as to the dates that partial payments were made for the January

2006 contribution, *see* Hagan Decl. ¶ 21, but have not provided information as to the dates that partial payments were made for the remaining monthly contributions (*e.g.*, February, March, and May 2006). Similarly, for paid but untimely contributions, Plaintiffs have provided information as to the date that payment was made for the November 2005 contribution, *see id.* ¶ 23, but have not provided information as to the dates that payments were made for the remaining monthly contributions (*e.g.*, December 2005 and February-June 2006). Plaintiffs are ordered to provide the missing information and show calculations for interest.

(3) For June 2006, Plaintiffs claim that Clark Arnold failed to make the monthly contribution and at the same time made an untimely payment. *See id.* ¶¶ 19, 23. However, the papers submitted by Plaintiffs do not show any payment, or even a partial payment, by Clark Arnold for June 2006. *See id.*, Ex. I. Plaintiffs are ordered to clarify this matter.

(4) As noted above, Plaintiffs have asked for interest for unpaid contributions as well as for contributions that were untimely made. Similarly, Plaintiffs have asked for liquidated damages for unpaid contributions, plus for contributions that were untimely made. For some months, there appear to have been *both* unpaid contributions *and* paid but untimely contributions -- *i.e.*, February, March, May, and June 2006. In other words, for some months, a partial, late payment was made. For these months, it seems reasonable for Plaintiffs to be awarded interest for the unpaid portion as well as interest for the paid portion that was late. However, it is not clear why Plaintiffs should be awarded liquidated damages for the unpaid portion ($150 per month), plus additional liquidated damages for the paid portion that was late (another $150 per month). The Master Agreement simply provides for liquidated damages for a delinquency. *See id.*, Ex. G (Master Agreement) ("Subject to accounting verification, liquidated damages shall be assessed on delinquent contributions at a flat rate of one hundred and fifty dollars ($150.00) per month to reflect the internal administrative costs incurred by the trust administrators in monitoring and tracking such late contributions."). Plaintiffs are ordered to justify their claim for "double" liquidated damages for these months.

Plaintiffs shall provide the supplemental briefing and evidence within two weeks of the issuance of this order.

IT IS SO ORDERED.

Dated: March 28, 2007

_____
EDWARD M. CHEN
United States Magistrate Judge