UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, *et al.*,<br><br>         Plaintiffs,<br><br>    v.<br><br>CLARK ARNOLD CORP., *et al.*,<br><br>         Defendants.<br>_____/ | No. C-06-6915 CW (EMC)<br><br>**SECOND ORDER RE SUPPLEMENTAL BRIEFING AND EVIDENCE** |

Plaintiffs' motion for default judgment has been referred to the undersigned for a report and recommendation. Having reviewed the papers submitted by Plaintiffs, including the most recent submissions responding to the Court's order of March 28, 2007, *see* Docket No. 20, the Court hereby orders that Plaintiffs provide additional supplemental briefing and evidence as discussed below.

In their motion, Plaintiffs request interest and liquidated damages on employee fringe benefit contributions that were paid (apparently in full), but paid late, under 29 U.S.C. § 1132(g)(2)(E), which provides that the Court may award "'such other legal and equitable relief as the court deems appropriate.'" Mot. at 7. In its order of March 28, 2007, the Court requested interest calculations for all relevant months, not only November 2005. Exhibit C, attached to the supplemental declaration of John Hagan, details the interest and liquidated damages calculated for each of the following months in which contributions were paid in full but paid late: November 2005, December 2005, February 2006, March 2006, April 2006, May 2006, and June 2006. *See* Supplemental Hagan

1 Decl., Ex. C. The calculations in Exhibit C refer to unpaid reports for the months of November and
2 December 2005 and supplemental paid reports for the months of February to June 2006. However,
3 these unpaid reports for November and December 2005 and the supplemental paid reports for
4 February to May 2006 are not in the evidence submitted by Plaintiffs. (The supplemental report for
5 June 2006, which was submitted, in response to the Court's March 28, 2007 order, is attached as
6 Exhibit D to the supplemental Hagan declaration.).

7 Thus, while the interest and liquidated damages calculations for the *reported, but not paid*
8 contributions (*see* Supplemental Hagan Decl., Ex. B) are complete (*see* Hagan Decl., Ex. I at 6, 9, 10
9 and Ex. B), the February 2006 interest and liquidated damages calculations for the *paid, but paid*
10 *late* contributions (*see* Supplemental Hagan Decl., Ex. C), are not. Reference is made to a
11 "supplemental paid report" for 69.5 hours, for which Vacation-Holiday calculations were calculated
12 to equal $158.46. However, this supplemental paid report cannot be found in any of the exhibits
13 attached to the original or supplemental declarations, or the remainder of the evidence. The
14 calculations in Exhibit C refer to a late payment in full received on October 10, 2006, but this
15 payment is not corroborated by other evidence.

16 Similarly, the interest calculations on *paid, but paid late* contributions for March 2006 refer
17 to a supplemental paid report for 43 hours and $98.04 in Vacation-Holiday contributions. *See*
18 Supplemental Hagan Decl., Ex. C. The calculations for April 2006 refer to a supplemental report of
19 139 hours and $316.92 in Vacation-Holiday contributions; for May 2006, the calculations refer to a
20 supplemental paid report of 51 hours and $116.28 of Vacation-Holiday contributions. *See id*. None
21 of these hours and contributions owed and paid late are documented elsewhere in the evidence. As
22 indicated above, only the calculations for June 2006, referring to a supplemental paid report of 80
23 hours and $182.40 in Vacation-Holiday contributions, are corroborated by copies of the original
24 report. *See* Supplemental Hagan Decl., Ex. D (containing October 10, 2006, report of payment
25 toward June 2006 contributions).

26 Thus, the Court hereby orders that Plaintiffs provide evidence with respect to the following:
27     (1)    November 2005 reports of contributions owed and paid, but paid late;
28     (2)    December 2005 reports of contributions owed and paid, but paid late;

     (3)    February 2006 supplemental report of contributions owed and paid, but paid late;

     (4)    March 2006 supplemental report of contributions owed and paid, but paid late;

     (5)    April 2006 supplemental report of contributions owed and paid, but paid late; and

     (6)    May 2006 supplemental report of contributions owed and paid, but paid late.

As an additional matter, the original Hagan declaration cites a November 18, 2005, Memorandum Agreement executed by Defendant. *See* Hagan Decl. ¶ 15 & Ex. F. However, Exhibit F appears to contain only a single page of the Memorandum Agreement. *See id.*, Ex. F. Accordingly, the Court also orders that Plaintiffs provide a full and complete copy of the November 28, 2005, Memorandum Agreement.

The supplemental briefing and evidence shall be filed and served within a week of the issuance of this order.

IT IS SO ORDERED.

Dated: April 26, 2007

_____
EDWARD M. CHEN
United States Magistrate Judge